UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,
f/u/b/o DURA-STRESS, INC.,

    Plaintiff,

vs.                                         CASE NO.: 6:05-cv-549-Orl-19JGG

DAVID BOLAND, INC., CLANCY &
THEYS CONSTRUCTION CO., TRAVELERS
CASUALTY AND SURETY COMPANY OF
AMERICA, SEABOARD SURETY COMPANY,
and ST. PAUL FIRE AND MARINE INSURANCE
COMPANY,

    Defendants.
_____/

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANTS DAVID BOLAND, INC. AND
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

Defendants David Boland, Inc. ("Boland") and Travelers Casualty and Surety Company of America ("Travelers"), by their undersigned counsel, answer the Plaintiff's Complaint filed herein and state as follows:

**Jurisdiction, Venue and Parties**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted

9. Admitted.

## Parties and Background

10. Admitted.

11. Admitted.

12. Boland and Travelers admit that Boland delivered to the Government the Boland Payment Bond for the purposes set forth in the Miller Act and deny the remaining allegations of Paragraph 12.

13. Boland and Travelers admit that on July 10, 2002, Dura-Stress submitted to Boland the document which is attached to the Complaint as Exhibit B and denies the remaining allegation of Paragraph 13. Further answering Paragraph 13, Boland and Travelers affirmatively allege that Exhibit B constitutes nothing more than inadmissible evidence of pre-contract negotiations.

14. Boland and Travelers admit that the amount of the proposal set forth in Exhibit B was One Million Two Hundred Seventy-Six Thousand Dollars ($1,276,000.00). The remaining allegations of Paragraph 14 are denied. Further answering Paragraph 14, Boland and Travelers incorporate their response to Paragraph 13.

15. Denied. Further answering Paragraph 15, Boland and Travelers incorporate their response to Paragraph 13.

16. Denied. Further answering Paragraph 16, Boland and Travelers incorporate their response to Paragraph 13.

17. Boland and Travelers admit that the document attached as Exhibit D to the Complaint was submitted to Boland on or about the date contained thereon. Further answering Paragraph 17, Boland and Travelers incorporate their response to Paragraph 13.

18. Admitted.

19. Boland and Travelers deny the allegations of the first sentence of Paragraph 19. Boland and Travelers admit that the document marked as Exhibit F to the Complaint was sent to Dura-Stress on or about the date contained thereon. Further answering Paragraph 19, Boland and Travelers incorporate their response to Paragraph 13.

20. Boland and Travelers admit that the scope of the work to be performed by Dura-Stress was a portion of the total scope of work to be performed by Boland under the Prime Contract.

21. Boland and Travelers are without sufficient knowledge or information to admit or deny the allegations of Paragraph 21 and, therefore, deny the same.

22. Denied.

23. Denied

24. Boland and Travelers admit that Dura-Stress has requested change orders for various reasons to include the alleged costs of multiple mobilizations. Boland admits that any change order requests based upon multiple mobilization were denied. The

remaining allegations of Paragraph 24 are denied. Further answering Paragraph 24, Boland and Travelers assert that Dura-Stress, and its erector, knew or should have known of the need for multiple mobilizations from the contents of the Project plans and specifications.

25. Boland and Travelers admit that Dura-Stress, after signing the subcontract, on numerous occasions requested in various Requests for Information ("RFI") that Boland verify dimensions which were inconsistent. Further answering Paragraph 25, Boland and Travelers affirmatively allege that Boland promptly submitted such RFIs to the owner or the owner's representatives for response, and that upon the receipt of such responses, promptly dispatched them to Dura-Stress.

26. Admitted.

27. Denied.

28. Boland and Travelers admit that on February 2, 2004, Boland entered into a written agreement with Clancy & Theys wherein Boland assigned transfer to Clancy & Theys all of Boland's right, title and interest in the Prime Contract, as well as some, but not all, subcontract agreements for the Project, including the one with Dura-Stress. The remaining allegations of Paragraph 28 are denied.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Boland and Travelers admit that Clancy & Theys has assumed all of Boland's obligations under the subcontract. Further answering Paragraph 34, Boland and Travelers are without sufficient knowledge information or belief to admit that Clancy & Theys owes Dura-Stress any amounts under the subcontract, and therefore, denies the same.

35. Boland and Travelers admit that Dura-Stress performed services and provided materials as required by the subcontract. The remaining allegations of Paragraph 35 are specifically denied. Further answering Paragraph 35, Boland and Travelers affirmatively allege that Boland did not engage in any active interference of Dura-Stress's performance of the subcontract.

## COUNT I

### Claim for Equitable Adjustment under the Miller Act

36. Boland and Travelers reallege the foregoing responses to the allegations of Paragraphs 1-35 above as though fully set forth herein.

37. Denied. Further answering the allegations of Paragraph 37, Boland and Travelers allege that Boland received a notice to proceed in February 2003. The remaining allegations of Paragraph 37 are denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied. Further responding to Paragraph 45, Boland and Travelers affirmatively allege that Dura-Stress has admitted that its production facility remained fully productive performing other work during the period of delay experienced during performance of the subcontract.

46. Denied. Further responding to Paragraph 46, Boland and Travelers affirmatively allege that Dura-Stress's failure to secure a contractual agreement with its erection subcontractor tying it to the Project schedule was the proximate cause of any increased costs that it incurred for the erection of the pre-cast panels.

47. Denied.

48. Denied.

49. Admitted.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Boland and Travelers admit that Dura-Stress has made a demand for payment and that said demand has been refused because Dura-Stress is not entitled to recover any of the amounts contained in its request for equitable adjustment.

WHEREFORE, Boland and Travelers request that this Court enter judgment in their favor and against Dura-Stress, Inc. and that they be awarded their costs, attorneys' fees and such other relief as the Court deems appropriate.

## COUNT II

### Breach of Contract

55. Boland and Travelers reallege the foregoing responses to the allegations of Paragraphs 1-35 above as though fully set forth herein.

56. Admitted.

57. Denied. Further responding to Paragraph 57, Boland and Travelers affirmatively allege that any delay in the project schedule was caused by the actions of other subcontractors, or by the actions of the owners or its representatives.

58. Denied.

59. Denied.

60. Denied.

WHEREFORE, Boland and Travelers request that this Court enter judgment in their favor and against Dura-Stress, Inc. and that they be awarded their costs, attorneys' fees and such other relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

1. Boland and Travelers affirmatively allege that the Complaint, and each count thereof, fail to state a claim upon which relief may be granted.

2. Boland and Travelers affirmatively allege that any claims by Dura-Stress for damages allegedly attributable to delay are barred by the express provisions of the subcontract agreement between Boland and Dura-Stress.

3. Boland and Travelers affirmatively allege that the damages sought by Dura-Stress in its Complaint are not recoverable under the provisions of the Miller Act.

4. Boland and Travelers affirmatively allege that the by reason of the Novation, Assignment and Release Agreement dated February 2, 2004, between Boland and the National Aeronautics and Space Administration ("NASA"), all obligations of Boland and Travelers under the Prime Contract and the Miller Act Bond were novated, extinguished, and released. Further, Boland assigned all rights and obligations under the subcontract agreement with Dura-Stress to Clancy and Theys and said assignment was accepted by both Clancy and Theys and Dura-Stress thereby extinguishing any claims that Dura-Stress may have had against Boland and Travelers.

5. Boland and Travelers affirmatively allege that Dura-Stress's claims are barred by the doctrines of waiver and estoppel.

6. Boland, Travelers and Clancy & Theys affirmatively allege that the claimed economic damage suffered by Dura-Stress as a result of delay is grossly overstated and not supported.

7. Boland and Travelers affirmatively allege that any delay in the project schedule was the result of actions of other subcontractors or actions of the owner or its representatives. Boland and Travelers specifically deny that Boland engaged in any

conduct which could be considered active interference with Dura-Stress's performance of its obligations under the subcontract agreement.

Respectfully submitted this 20th day of June, 2005.

    s/ Denis L. Durkin
    Denis L. Durkin
    Florida Bar No. 237132
    BAKER & HOSTETLER LLP
    SunTrust Center, Suite 2300
    200 South Orange Avenue
    Orlando, Florida 32801-3432
    Telephone:   (407) 649-4000
    Facsimile:   (407) 841-0168

    Attorneys for Defendants David Boland,
    Inc. and Travelers Casualty and Surety
    Company of America

### **CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2005, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  Christopher J. Weiss, Esq. and Michael R. Candes, Holland & Knight LLP, 200 South Orange Avenue, Suite 2600, Orlando, Florida, 32801.

    s/ Denis L. Durkin

BARRISTERS,  18983, 00020, 500840862.5, Boland and Travelers Answer and Affirmative Defenses